COPY

1  MICHAEL L. TRACY, ESQ., SBN 237779
2  MTRACY@MICHAELTRACYLAW.COM
   MICHAEL E. VELARDE, ESQ., SBN 266272
3  MVELARDE@MICHAELTRACYLAW.COM
4  LAW OFFICES OF MICHAEL TRACY
   2030 Main Street, Suite 1300
5  Irvine, CA  92614
6  T: (949) 260-9171
   F: (866) 365-3051
7
8  Attorneys for Plaintiff Scott Smith

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| SCOTT SMITH, AN INDIVIDUAL; | Case No.: SACV12-778 AN |
| Plaintiff, | COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, IMPROPER PAY STUBS, OVERTIME UNDER THE FLSA, FAILURE TO PRODUCE RECORDS, AND UNFAIR BUSINESS PRACTICES |
| vs. | |
| GEORGE T. HALL CO., INC., A CALIFORNIA CORPORATION; CHARLES NIEMAN, AN INDIVIDUAL; , | |
| Defendant. | DEMAND FOR JURY TRIAL |

Plaintiff, SCOTT SMITH, alleges:

## JURISDICTION

1. This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

2. This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid overtime wages and whether that failure to pay was willful. The failure to provide proper pay check stubs is also directly related to the FLSA claims because Plaintiff is alleging that the pay

check stubs are inaccurate because they did not list the overtime required by the FLSA. The waiting time penalty claim is directly related to whether the failure to pay overtime required by the FLSA was willful. As such, all the claims make up the same case or controversy under Article III of the United States Constitution.

## PARTIES

3.     Plaintiff SCOTT SMITH ("SMITH") was employed by Defendant from July 6, 2006 through July 8, 2011.

4.     Defendant GEORGE T. HALL CO., INC. ("HALL") is A CALIFORNIA CORPORATION doing business in the County of Orange, State of California.

5.     Defendant CHARLES NIEMAN ("NIEMAN") is AN INDIVIDUAL doing business in the County of Orange, State of California.

## GENERAL ALLEGATIONS

6.     This Court is the proper court and this action is properly filed in the County of Orange and in this judicial district because Defendants do business in the County of Orange, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of Orange is the subject of this action.

7.     SMITH worked as a "Systems Administrator" for HALL.

8.     SMITH's actual job duties entailed routine installation, repair, and updating of computer systems.

9.     SMITH was paid a fixed salary each pay period and was never paid any overtime.

10.    SMITH typically worked in excess of 50 hours each week.

11.    HALL contends that SMITH is "exempt" form overtime pay under the Computer Professional Exemption. However, SMITH's salary level was generally not sufficient enough to meet the Computer Professional Exemption.

12.    HALL is well aware the SMITH is entitled to overtime pay but is

-2-
COMPLAINT FOR LABOR VIOLATIONS

refusing to pay it. HALL is inventing "exemption" arguments such as the Computer Professional Exemption mentioned above even though there is no factual basis for the exemption. HALL is well aware that SMITH's salary was too low for the Computer Professional Exemption for at least some periods of his employment and yet they still insist that this is a valid exemption.

13. HALL has never given an even plausible exemption to overtime pay that would be applicable to SMITH.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE
## (AGAINST HALL)

14. Plaintiff refers to and incorporate by reference Paragraphs 1 through 13.

15. This cause of action is brought against HALL.

16. Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, § 11040, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) hours on the seventh consecutive work day in a week.

17. Plaintiff worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

18. Plaintiff was entitled to the above overtime premiums.

19. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

20. Defendants did not pay Plaintiff premium wages of at least one and one-

half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

21. Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

22. Plaintiff SMITH worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

23. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

24. As a proximate result of Defendants' violations, Plaintiff SMITH has been damaged in an amount in excess of $74,764 and subject to proof at time of trial.

25. Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11040, Plaintiff SMITH is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION
## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED
## UNDER LABOR CODE SECTION 226
## (AGAINST HALL)

26. Plaintiff refers to and incorporate by reference Paragraphs 1 through 25.

27. This cause of action is brought against HALL.

28. Pursuant to Labor Code § 226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

29. Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

30. Plaintiff suffered injury from the lack of proper information on the pay stubs provided by Defendants.

31. Plaintiff suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

32. Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

### THIRD CAUSE OF ACTION

### OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207 and § 216 (AGAINST ALL DEFENDANTS)

33. Plaintiff refers to and incorporates by reference Paragraphs 1 through 32.

34. This cause of action is against all Defendants, jointly and individually.

35. Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. § 207(a) and § 216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

36. Plaintiff worked numerous weeks in excess of forty (40) hours.

37. Plaintiff was entitled to the above overtime premiums.

38. Defendants failed to compensate Plaintiff for any overtime premiums.

39. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

40. Plaintiff worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

41. Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

42. Plaintiff used equipment on the job that had previously been transported in interstate commerce.

43. Defendant HALL was the employer of Plaintiff, as the term "employer"

-5-
COMPLAINT FOR LABOR VIOLATIONS

is defined in the Fair Labor Standards Act.

44.   Defendant HALL was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

45.   Defendant HALL conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

46.   Defendant HALL employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed. These employees were engaged in commerce and regularly used equipment that had been transported in interstate commerce.

47.   Defendant NIEMAN was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act. NIEMAN was a corporate officer and/or agent of HALL. NIEMAN acted both directly and indirectly in the interest of HALL, as it related to Plaintiff's employment and payment of wages.

48.   Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

49.   Plaintiff prays for judgment for overtime pay of $74,764. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

50.   Plaintiff prays for judgment for liquidated damages in the amount of $74,764. This amount is supplemental to the relief requested in all other causes of action.

51.   Plaintiff prays for costs and attorney's fees.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200
### (AGAINST HALL)

52.   Plaintiff refers to and incorporates by reference Paragraphs 1 through 51.

53.   This cause of action is brought against HALL, jointly and individually.

54. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

55. Plaintiff SMITH prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

## FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE PAY RECORDS
## (AGAINST HALL)

56. Plaintiff refers to and incorporates by reference Paragraphs 1 through 55.

57. This cause of action is brought against HALL.

58. Pursuant to Labor Code § 226, employers must provide employees an opportunity to inspect or copy records upon request.

59. Plaintiff requested his pay records in accordance with Labor Code § 226 on March 12, 2012.

60. Defendants have failed to provide Plaintiff with an opportunity to inspect or copy his records within 21 days.

61. Pursuant to Labor Code § 226, Plaintiff prays for judgment against Defendants in the amount of $750, costs and attorney fees.

62. Pursuant to Labor Code § 226, Plaintiff prays for an injunction requiring Defendants to provide Plaintiff with all pay records under Labor Code § 226.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff SMITH in an amount in excess of $74,764 and subject to proof at trial.

2. For liquidated damages in the amount in excess of $74,764 and subject to proof at trial.

3. For damages and penalties under Labor Code § 226 for Plaintiff SMITH in an amount subject to proof at trial.

4. For $750 for failure to allow Plaintiff to inspect or copy records in a timely manner.

5. For restitution and disgorgement for all unfair business practices against Plaintiff SMITH in an amount subject to proof at trial.

6. For prejudgment and post judgment interest.

7. Cost of suit.

8. Attorneys' fees.

9. For such other and further relief as the court may deem proper.

DATED: May 11, 2012            LAW OFFICES OF MICHAEL TRACY

                               By: _____
                               MICHAEL TRACY, Attorney for Plaintiff Scott Smith

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED: May 11, 2012            LAW OFFICES OF MICHAEL TRACY

                               By: _____
                               MICHAEL TRACY, Attorney for Plaintiff Scott Smith

Michael L. Tracy, Esq.   SBN237779
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
949-260-9171
mtracy@michaeltracylaw.com



## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SMITH, AN INDIVIDUAL;<br><br>PLAINTIFF(S)<br>v.<br>GEORGE T. HALL CO., INC., A CALIFORNIA CORPORATION; CHARLES NIEMAN, AN INDIVIDUAL; ,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV12-778 AN<br><br>**SUMMONS** |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Michael Tracy_____, whose address is _2030 Main Street, Suite 1300, Irvine, CA 92614_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __5-14-12__   By: _____**NANCY INTERIANO**_____
                         Deputy Clerk

                         *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States Allowed 60 days by Rule 12(a)(3)]*

CV-01A (12/07)                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>SCOTT SMITH, AN INDIVIDUAL, | **DEFENDANTS**<br>GEORGE T HALL CO, INC, A CALIFORNIA CORPORATION, CHARLES NIEMAN, AN INDIVIDUAL, |
| **(b)** Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same)<br>Michael Tracy SBN 237779<br>Law Office of Michael Tracy<br>2030 Main Street, Ste 1300, Irvine, CA 92614  (949)260-9171 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only)

☐ 1 U S Government Plaintiff  ☑ 3 Federal Question (U S Government Not a Party)
☐ 2 U S Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT  JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** 150,278 00

**VI. CAUSE OF ACTION** (Cite the U S Civil Statute under which you are filing and write a brief statement of cause Do not cite jurisdictional statutes unless diversity)
29 U S C Section 201 et seq Failure to Pay Overtime

**VII. NATURE OF SUIT** (Place an X in one box only)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl Ret Inc Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl Veterans) | ☐ 355 Motor Vehicle Product Liability | | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R R & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U S Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number  **SACV12-778 AN**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                        CIVIL COVER SHEET                                        Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s) _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s) _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A Arise from the same or closely related transactions, happenings, or events, or
☐ B Call for determination of the same or substantially related or similar questions of law and fact, or
☐ C For other reasons would entail substantial duplication of labor if heard by different judges, or
☐ D Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District * | California County outside of this District, State, if other than California, or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District * | California County outside of this District, State, if other than California, or Foreign Country |
|---|---|
| Orange | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District * | California County outside of this District, State, if other than California, or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X SIGNATURE OF ATTORNEY (OR PRO PER) _____ Date 5/11/2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |